GEORGE W. TRAVERSE *v.* MONTPELIER CAR-
RIAGE CO.

*Recoupment.   No presumption against finding of referee.*

1. In a suit for the breach of a contract the defendant may recoup for what-
ever damages he has sustained through a breach of the same contract
by the plaintiff.

2. And where the breach on the part of the plaintiff is a failure to supply all
the goods contracted for, the defendant is not deprived of this right by
the fact that he has used, instead of returning, the portion actually
furnished.

3. Nor, upon the report of referees, will the court assume that the damages
allowed in recoupment are too remote.

Action, assumpsit.   Heard on report of referees at the March
Term, 1889, ROYCE, Ch. J., presiding.   Judgment for the smaller
sum named in the report.   Exceptions by the plaintiff.

The plaintiff was a dealer in parasols in New York, and the
defendants manufacturers of doll carriages at Montpelier, Vt.
The debt sued for was a balance due for supplies furnished the
defendants by the plaintiff.   The referees found that there was
due the plaintiff, as such balance, the sum of $124.42, and that
the plaintiff should recover that sum, unless the defendants were
entitled to recoup under the following state of facts :

"Defendants ordered supplies of plaintiff, in preparation for
the holiday trade in December, 1886.   Plaintiff agreed to fur-
nish said supplies for said trade, but failed to do so in part.   The
defendant corporation, relying on said supplies being furnished
as agreed, was put to trouble and expense in filling orders for
its customers by extra charges of transportation, telegrams and
supplying their customers with goods of higher grades than
those ordered, amounting to $46.09.

"If the defendants could so recoup, then the plaintiff should
recover $78.83."

The defendants never offered to return the goods received by
them.

*T. J. Deavitt* and *Heath & Fay*, for the plaintiff.

The damages found for the defendants are too vague and remote to admit of recoupment. *Boughton* v. *Standish*, 48 Vt. 594; *Copper Co.* v. *Mining Co.*, 33 Vt. 92 ; *Darwin* v. *Potter*, 5 Denio, 306 ; *Keyes* v. *Western Slate Co.*, 34 Vt. 81 ; *Blanchard* v. *Ely et al.*, 21 Wend. 342.

*Pitkin & Huse*, for the defendants, cited *Eddy* v. *Clement*, 38 Vt. 486.

The opinion of the court was delivered by

Ross, J.   A defendant, when sued for a breach of a contract, may always recoup from the damages recoverable against him, whatever damages he may have sustained by reason of a breach or breaches of the same contract by the plaintiff.   The application of this principle sustains the judgment of the County Court. The damages which the defendant was allowed to recoup, so far as described by referees, appear to have been such as might have resulted from the plaintiff's breach of the contract.   We cannot assume, without any finding or statement to support it, that any of the damages specified, for which one sum is allowed, are too remote to be recoverable.   The defendant was under no duty to return the goods furnished to enable him to recoup damages for the plaintiff's failure to furnish the full amount of goods called for by the contract.   By keeping the goods furnished, he accepted them as answering the contract so far as they went, but did not deprive himself from recouping damages for the goods required by the contract which the plaintiff failed to furnish within the time limited by the contract.

*Judgment affirmed.*